UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
RICHARD MINES,

    **Plaintiff,**

  -against-              **COMPLAINT**

CITIBANK, N.A.,
EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
and TRANS UNION, LLC,

    **Defendants.**
------------------------------------------------------------------x

  Plaintiff, RICHARD MINES ("Plaintiff"), by and through her undersigned counsel, Mallon Consumer Law, brings this action against Defendants CITIBANK, N.A., ("Citibank") EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), and TRANS UNION, LLC ("Trans Union"), and alleges the following, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendant Citibank for violating the FCRA, 15 U.S.C. § 1681s-2(b), by failing to conduct a reasonable investigation of a fraudulent $8,000 cash advance on Plaintiff's Citibank credit card after Plaintiff disputed the reporting of the charge with the credit reporting agencies. Defendant Citibank wrongfully verified that the fraudulent advance was being reported accurately to the CRA Defendants – despite acknowledging that the transfer was made to a fraudulent account - who subsequently continued to erroneously report Plaintiff's account as delinquent to his detriment.

1

2. Plaintiff brings this action against Defendants Equifax, Experian, and Trans Union (hereinafter collectively referred to as the "CRA Defendants")—the three major national credit reporting agencies—for violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the New York Fair Credit Reporting Act ("NY FCRA"), N.Y. GBL § 380 *et seq.*, by failing to conduct reasonable investigations after Plaintiff disputed the fraudulent balance transfer. Defendants refused to reasonably investigate the dispute even after Plaintiff submitted relevant documents proving that the cash advance was fraudulent.

3. Plaintiff further alleges that as a direct and proximate result of Defendants' unlawful actions, conduct, and omissions, the erroneous derogatory payment information wrongfully listed on Plaintiff's consumer reports caused him to suffer actual damages including, *but not limited to*, damage to reputation, adverse impact on credit rating, being offered credit on inferior terms in addition to emotional distress, expenditure of time and resources, annoyance, aggravation, and frustration.

4. Plaintiff brings this action for actual, statutory, and punitive damages, as well as for statutory attorney's fees and costs, pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.*, and the NY FCRA, N.Y. GBL § 380 *et seq.*

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

6. This Court has diversity jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332, as well as supplemental jurisdiction of the state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

7. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

8. Plaintiff, a natural person, is a resident of the State of New York, and borough of Manhattan, and qualifies as an individual "consumer" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(c); N.Y. GBL § 380-a(b).

9. Defendant Equifax is a Georgia corporation, duly authorized and qualified to do business in the State of New York. Equifax qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

10. Defendant Experian is an Ohio corporation, duly authorized and qualified to do business in the State of New York. Experian qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

11. Defendant Trans Union is a Delaware corporation, duly authorized and qualified to do business in the State of New York. Trans Union qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

12. Defendant Citibank is a South Dakota corporation, duly authorized and qualified to do business in the State of New York. Citibank qualifies as a "furnisher of information" as contemplated by the FCRA, 15 U.S.C. §§ 1681s-2(a) and (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## FACTUAL BACKGROUND

13. Plaintiff opened a Citibank credit card in May 1993. Plaintiff made timely payments on the account for nearly 20 years through January 2022.

14. Sometime prior to December 10, 2021, an identity thief opened a checking account in Plaintiff's name without Plaintiff's knowledge or consent. The purpose of opening this account was to commit fraud against the Plaintiff.

15. On December 10, 2021, the identity thief accessed Plaintiff's Citibank credit card and made an $8,000 "balance transfer" (i.e., a cash advance) from Plaintiff's Citibank credit card and into the fraudulent Citibank checking account.

16. Shortly thereafter the identity thief withdrew the $8,000 from the fraudulent checking account.

17. Upon learning about the balance transfer the Plaintiff immediately contacted Citibank and notified them that the transfer was fraudulent and unauthorized. He spent hours on the phone with them attempting to learn what had occurred and explaining that he never authorized the subject balance transfer.

18. Plaintiff additionally notified Citibank that he did not open the fraudulent checking account.

19. On February 10, 2022, Citibank wrote to Plaintiff and informed him that it has finished its investigation of the balance transfer and determined that Plaintiff was responsible for the charge. The letter stated: "The Balance Transfer(s) were electronically transferred into a valid account in your name or the name of an Authorized User, at Citibank Federal. Any future requests for reimbursement should be directed to Citibank Federal."

20. On March 18, 2022, Citibank again wrote to Plaintiff to inform him that it had finished its investigation into the checking account opened in his name and confirmed that the account had been fraudulently opened. The letter stated: "We were able to confirm the account(s) in question were opened without your knowledge and consent. Notification has been reported to the credit reporting

4

agencies to correct any reporting associated with the activity on the account(s)."

21. Notwithstanding this acknowledgment, Citibank refused to acknowledge that the balance transfer made into the fraudulent account was fraudulent. Plaintiff refused to pay the fraudulent $8,000 charge on his Citibank credit card, and Citibank began to report Plaintiff as late to the national credit reporting agencies, destroying Plaintiff's otherwise stellar credit.

22. Plaintiff continued to dispute this matter via phone calls and letter, spending countless hours attempting to resolve this issue. He retained legal counsel to try and resolve the dispute without resorting to litigation. Plaintiff's counsel wrote to Citibank on November 16, 2022, explaining that Plaintiff had never authorized the fraudulent checking account or balance transfer, and provided supporting documentation.

23. On January 3, 2023, Citibank wrote to Plaintiff to once again inform him that they were denying his fraud claim. The letter simply referred to the February 10, 2022, letter as the basis for their denial.

24. Plaintiff continued to dispute this fraudulent charge directly with Citibank. On March 23, 2023, Citibank wrote to Plaintiff and once again denied Plaintiff's dispute. The letter stated: "We have concluded our review, and based on the following, concluded that you are responsible for this account: Payments were made from an account that belongs to you. **WE NOW CONSIDER THIS MATTER CLOSED**" (emphasis in original).

25. Plaintiff, however, never disputed that the Citibank credit card belonged to him, but that he did not authorize the $8,000 balance transfer.

26. The letter then went on to threaten to report any unpaid balances to the credit reporting agencies.

27. On or around March 13, 2024, Plaintiff sent letters to each of the three Defendant credit reporting agencies disputing the fraudulent charge on Plaintiff's Citibank account.  The letters described the situation in great detail, and included supporting documentation that Citibank acknowledged the funds has been transferred to a fraudulent account.

28. Plaintiff is informed and believes that after receiving Plaintiff's letter Defendant's Experian and Trans Union forwarded the letters and supporting documentation to Citibank for review.

29. Trans Union responded to Plaintiff's dispute on March 26, 2024, informing Plaintiff that it had verified the fraudulent charge as accurate and would continue to report the subject Citibank credit card as "charged off" with a delinquent $8,673 balance.

30. Experian responded to the Plaintiff's dispute on April 12, 2024, and also informed Plaintiff that it had verified the fraudulent charge as accurate and would continue to report the subject Citibank credit card as "charged off" with a delinquent $8,673 balance.

31. Plaintiff is informed and believes that Citibank verified the Plaintiff's charged off credit card account as accurate in response to receiving notice of the disputes from Experian and Trans Union.

32. Equifax responded to Plaintiff's dispute on March 30, 2024, by informing Plaintiff that it could not locate his file and thus refused to investigate his dispute.  Plaintiff's dispute letter provided Equifax with all his pertinent identifying information, including is social security number, address and date of birth. Accordingly, there was no reasonable basis for Equifax to claim it could not locate his file as Experian and Trans Union were able to do and refused to investigate Plaintiff's dispute.

33. As of this date each of the defendant credit reporting agencies continues to inaccurately report the fraudulent Citibank charge as belonging to Plaintiff, destroying his otherwise stellar

credit profile.

34. Plaintiff has suffered harm as a result of Defendants' conduct here. The inaccurate derogatory information wrongfully listed on Plaintiff's consumer reports was, at a minimum, a substantial factor in being offered credit on inferior terms and caused Plaintiff significant emotional distress and damage to his reputation, adverse impact on credit rating, expenditure of time and resources, annoyance, aggravation, and frustration.

## FIRST CAUSE OF ACTION
VIOLATION OF THE FCRA
Against All Defendants

35. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

36. Defendants Equifax, Experian, and Trans Union each prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in the FCRA. See 15 U.S.C. § 1681a(d).

37. Such reports erroneously included false and derogatory payment information associated with the

38. Defendants Experian, Equifax and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations of the Plaintiff's multiple disputes of the erroneous and derogatory payment information associated with the subject Citibank account.

39. Defendants Equifax, Experian, and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(2) by failing to forward to Citibank all of the relevant information which Plaintiff provided the CRA Defendants regarding his disputes.

40. Defendants Equifax, Experian, and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff regarding his disputes.

41. Defendants Equifax and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed erroneous and derogatory payment information associated with the subject Citibank account from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

42. Defendants Equifax, Experian, and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed erroneous and derogatory payment information associated with the subject Citibank account from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

43. After receiving notification of the Plaintiff's disputes from Experian and Trans Union, Defendant Citibank willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable reinvestigations of Plaintiff's multiple disputes of the erroneous and derogatory payment information associated with the subject account, and by failing to review all relevant information regarding Plaintiff's disputes thereof.

44. Defendant Citibank willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information purportedly provided by the CRA Defendants in conducting its reinvestigations of the subject account.

45. Accordingly, Defendants are thus liable to the Plaintiff for actual, statutory, and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees incurred as a result of Defendants' FCRA violations, pursuant

to 15 U.S.C. §§ 1681n and 1681o.

## **SECOND CAUSE OF ACTION**
VIOLATION OF THE NY FCRA
Against Defendants Equifax, Experian, and Trans Union Only

46. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

47. Defendants Equifax, Experian, and Trans Union each prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in the NY FCRA. See N.Y. GBL § 380-a(c)(1).

48. Such reports erroneously included false and derogatory payment information associated with the subject Citibank account. Defendants knew, or should have known, that the reports contained such erroneous information, in violation of N.Y. GBL § 380–j(a)(3).

49. Defendants Equifax and Trans Union willfully (or, in the alternative, negligently) violated N.Y. GBL § 380-f by failing to conduct reasonable reinvestigations of the Plaintiff's multiple disputes of the erroneous and derogatory payment information associated with the subject Citibank accounts.

50. Defendants Equifax, Experian, and Trans Union willfully (or, in the alternative, negligently) violated N.Y. GBL § 380-f by failing to conduct reasonable reinvestigations of the Plaintiff's multiple disputes of the erroneous and derogatory payment information associated with the subject Citibank account.

51. Defendants Equifax and Trans Union willfully (or, in the alternative, negligently) violated N.Y. GBL §§ 380-f(b) and (d) by failing to delete or modify the disputed information regarding the subject Citibank account from the Plaintiff's file after failing to verify the completeness and

accuracy of that information.

52. Defendants Equifax, Experian, and Trans Union willfully (or, in the alternative, negligently) violated N.Y. GBL §§ 380-f(b) and (d) by failing to delete or modify the disputed information regarding the subject Citibank account from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

53. Defendants each published credit reports regarding the Plaintiff on multiple occasions containing the erroneous and derogatory payment information associated with the subject accounts and the subject Citibank account, causing the Plaintiff to suffer economic harm via being offered credit on inferior terms, limiting his opportunities for credit, in addition to emotional distress, expenditure of time and resources, annoyance, aggravation, and frustration.

54. Accordingly, Defendants are thus liable to Plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees, pursuant to N.Y. GBL §§ 380-l and 380-m.

55. Plaintiff is thus further entitled to an injunction requiring the CRA Defendants to remove the erroneous and derogatory payment information associated with the subject Citibank account from the Plaintiff's respective credit files, and to implement policies and procedures designed to ensure future compliance with the NY FCRA and prevent similar errors from occurring in the future.

///

///

///

///

///

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: June 10, 2024

                                            Respectfully submitted,

                                            */s/ Kevin Mallon*

                                            Kevin C. Mallon
                                            Mallon Consumer Law
                                            One Liberty Plaza, Suite 2301
                                            New York, NY 10006
                                            (917) 734-6815
                                            consumer.esq@outlook.com
                                            *Attorneys for the Plaintiff*