**Ballard Spahr LLP**

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Lauren N. Brown
Tel: 646.346.8042
Fax: 212.223.1942
BrownLN@ballardspahr.com

*Plaintiff shall respond by October 4, 2024. So Ordered.*

*Dated: September 27, 2024*
*New York, New York*

[Signature]
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

September 26, 2024

*Via ECF*

Hon. Katharine H. Parker
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Richard Mines v. Citibank, N.A., et al.,* Case No. 1:24-cv-04423-LGS

Dear Judge Parker:

We represent Defendant Citibank, N.A. ("Citibank") in the above-referenced matter. We write pursuant to subsection III.b of Your Honor's Individual Practices seeking a pre-motion conference and/or the Court's permission to file a motion to compel the arbitration of Plaintiff Richard Mines's claims against Citibank and to stay the instant proceedings during the pendency of the arbitration, as contemplated in Citibank's Answer and Affirmative Defenses, filed with the Court on August 12, 2024. *See* Answer (ECF No. 27).

### Factual Allegations

Plaintiff alleges that an identity thief accessed his Citibank AAdvantage credit card account, formerly ending in -9829 and currently ending in -9755 ("Account"), separately opened an unauthorized checking account in his name, transferred thousands of dollars by cash advance from the Account to the fraudulent checking account, and then withdrew the money from the fraudulent checking account. *See* Compl. (ECF No. 1).

Based on these allegations, Plaintiff asserts Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq*., ("FCRA"), and New York Fair Credit Reporting Act claims against Citibank, contending that it failed to reasonably investigate his disputes of the allegedly fraudulent activity. Compl. ¶¶ 43, 44. Citibank disputes Plaintiff's allegations, denies any liability to Plaintiff for the conduct referenced in the Complaint, and denies that it is responsible for any of Plaintiff's purported damages, fees, or costs. *See* Answer.

## Intended Motion to Compel Arbitration

Plaintiff's claims against Citibank are subject to binding arbitration, pursuant to the express terms of the card agreement governing the Account, attached hereto as Exhibit A ("Card Agreement").

There is no dispute that the credit card Account belongs to Plaintiff. *See* Compl. ¶ 13. The Card Agreement clearly provides: "You or we may arbitrate any claim, dispute or controversy between you and us arising out of or related to your Account, a previous related Account or our relationship. . . ." Ex. A at 12. This expressly covers claims based on "statutory or regulatory provisions," such as Plaintiff's Fair Credit Reporting Act claims. *Id.*

It is well-settled that "[f]ederal policy, as embodied in the Federal Arbitration Act, strongly favors arbitration as an alternative dispute resolution process." *See Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional De Venezuela*, 991 F.2d 42, 45 (2d Cir. 1993). Moreover, "it is difficult to overstate the strong federal policy in favor of arbitration, and it is a policy [the Second Circuit has] often and emphatically applied." *Nayal v. HIP Network Services IPA, Inc.*, 620 F. Supp. 2d 566, 569 (S.D.N.Y. 2009) (quoting *Arciniaga v. General Motors Corp.*, 460 F.3d 231, 234 (2d Cir. 2006)). Furthermore, federal courts have regularly applied the strong federal policy favoring arbitration to consumer statutory claims such as those alleged here. *See, e.g.*, *Cimillo v. Experian Info. Sols., Inc.*, No. 21-CV-9132 (VB), 2023 WL 2473403 (S.D.N.Y. Mar. 13, 2023) (compelling arbitration of plaintiff's FCRA claim); *Fayez-Olabi v. Credit Acceptance Corp.*, No. 21-CV-5443 (AMD) (LGD), 2022 WL 2918119 (E.D.N.Y. July 25, 2022) (same); *Degraziano v. Verizon Communs., Inc.*, 325 F. Supp. 2d 238 (E.D.N.Y. 2004) (same).

The Card Agreement is governed by South Dakota law. *See* Ex. A at 13. While the FAA exclusively governs the enforceability of the arbitration agreements according to their plain terms, South Dakota law governs the determination of whether a valid agreement to arbitrate exists. *See Carr v. Citibank, N.A.*, No. 15-CV-6993 (SAS), 2015 WL 9598797, at *2 (S.D.N.Y. Dec. 23, 2015) (applying South Dakota law under Citibank's choice of law provision and compelling arbitration over plaintiff's challenges to existence of contract); *accord First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) ("When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally . . . should apply ordinary state-law principles that govern the formation of contracts.").

Citibank has presented Plaintiff with a copy of the applicable arbitration provision and requested that Plaintiff withdraw his claims and submit them to arbitration. Despite the clear text of the agreement to arbitrate, Plaintiff has refused to stipulate, arguing that Citibank must provide a copy of Plaintiff's original credit agreement from 1993. Although Citibank is looking to see whether the original agreement is still available, the law does not require that Citibank produce it.

In fact, under South Dakota law, Plaintiff's continued use of the Accounts constitutes his acceptance of the updated terms of the respective Card Agreement, including the arbitration provision and choice of law provision. *See* S.D. Codified Laws § 54-11-9 ("[U]se of an accepted credit card or the issuance of a credit card agreement and the expiration of thirty days from the date of issuance without written notice from a card holder to cancel the account creates a binding contract between the card holder and the card issuer . . . ."); *McCormick v. Citibank, NA*, No. 15-CV-46-JTC, 2016 WL 107911, at *4 (W.D.N.Y. Jan. 8, 2016) ("upon using the Best Buy credit card for purchases following Citibank's mailing of the Card Agreement with written notice of change of ownership and terms of the account, plaintiff agreed to be bound by the arbitration clause of the Card Agreement"); *Fedotov v. Peter T. Roach & Assocs., P.C.*, No. 03 CIV. 8823(CSH), 2006 WL 692002, at *2 (S.D.N.Y. Mar. 16, 2006) (ruling that continued use of card after Citibank provided updated card agreement constituted consent to agreement's arbitration provision).

Citibank provided an updated version of the Card Agreement to Plaintiff on September 2, 2015, alerting him to the Arbitration Provision and providing an opportunity to opt out. He did not opt out and continued to use the Account. By doing so, Plaintiff consented to the terms of the Card Agreement, including the Arbitration Provision. His claims are therefore subject to arbitration and should be filed with the AAA, rather than this Court.

## **Conclusion**

In light of the above, and as will be more fully demonstrated in Citibank's forthcoming motion, Plaintiff's claims against Citibank are subject to mandatory arbitration. Citibank respectfully requests that the Court schedule a pre-motion conference or set a briefing schedule for Citibank's intended motion to compel arbitration and to stay the instant proceedings during the pendency of the arbitration. Additionally, in light of its intended motion, Citibank requests that the Court stay its deadlines to serve initial disclosures and initial discovery requests, to avoid any (arguable) waiver of its right to arbitration.

Thank you in advance for your consideration of this request.

Respectfully submitted,

*/s/ Lauren N. Brown*
Lauren N. Brown, Esq.

cc: All parties of record *(via ECF)*